UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Magistrate Docket No. **'08 MJ 0626** |
| Plaintiff, | ) |
| v. | ) COMPLAINT FOR VIOLATION OF: |
| **MEJIA-Nieto, Santos** (AKA: GARCIA-Perez, Adrian) | ) Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |
| Defendant(s) | ) |

On or about **March 1, 2008,** within the Southern District of California, defendant **Santos MEJIA-Nieto (AKA: GARCIA-Perez, Adrian),** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Jose HERNANDEZ-Ibarra, Nelson MARTINEZ-Lopez and Gustavo MATEO-Abarca**, had come to, entered and remained in the United States in violation of law, did transport and move, said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Daniel Krall, U.S. Immigration &
Customs Enforcement, Special Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 3 DAY OF **March 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

**CATHY ANN BENCIVENGO**
**U.S. MAGISTRATE JUDGE**

## STATEMENT OF FACTS

The complainant states that he believes that **Jose HERNANDEZ-Ibarra, Nelson MARTINEZ-Lopez and Gustavo MATEO-Abarca,** are citizens of a country other than the United States; that said aliens have admitted that they are deportable as defined in Title 8, United States Code, Section 1251; that it is impracticable to secure their attendance at the trial thereof by subpoena, and that they are material witnesses in relation to this charge and should be held or admitted to bail as prescribed in Title 8, United States Code, Section 3144.

## PROBABLE CAUSE STATEMENT

I, declare under penalty of perjury, the following is true and correct:

On March 1, 2008, at approximately 2:30 AM, agents established surveillance on 821 Duval Street San Diego, California. At approximately 4:00 AM, a Pontiac Grand Prix left the residence. Agents maintained surveillance on the Grand Prix as it departed the Duval Street area. The vehicle was observed stopping at the Arco Gas Station on Jamacha Boulevard and Campo Road. While at the Arco Gas Station, Agents observed the driver to be a Hispanic male, wearing Capri-style shorts/pants and a white shirt. While at the Arco Gas Station, the driver was the only person observed by agents exiting and entering the vehicle.

Agents followed the Pontiac Grand Prix into the Jamul, California area. This area is well-known, amongst the agents involved as being a location where alien smugglers pick up undocumented aliens and bring them further into the interior of the United States. Based upon the collective knowledge and experience of the agents involved, the agents decided to return to the target residence in anticipation of the vehicle returning with undocumented aliens.

At approximately 5:18 AM, the Pontiac Grand Prix returned to the Duval Street area. Agents observed the vehicle pass the residence he was seen leaving from and drive through an alleyway behind the house. This type of behavior is common amongst alien smugglers attempting to determine if they are being followed by law enforcement agents approached the stationary vehicle. Agents found the vehicle parked in an alley approximately one-half block west of the residence it departed from. Agents identified themselves as law enforcement agents in the Spanish language. The driver of the vehicle, later identified as Santos MEJIA-Nieto (hereafter referred to as MEJIA), started the vehicle. Agents instructed MEJIA to turn off the vehicle's engine and MEJIA complied. Agent's subsequently discovered six other individuals within the passenger compartment of the vehicle, in addition to MEJIA. Agents conducted immigration inspections on each of the occupants of the vehicle. Each of the vehicle's occupants, including MEJIA, voluntarily stated that they were citizens and nationals of Mexico, without any documentation that would permit them to enter, remain or transit through the United States legally. All of the subjects were placed under arrest for violation of federal immigration laws. At the time of the arrest MEJIA was found to be wearing Capri style shorts (long shorts) with a white long sleeve under shirt and a black over shirt. Agents recognized MEJIA to be the same individual seen driving the vehicle at the Arco Gas Station approximately one hour earlier.

MEJIA was advised of his Miranda rights in the Spanish language and he stated that he understood his rights as read to him and agreed to speak with agents without the presence of an attorney. Agents then questioned MEJIA regarding where he was intending to transport the undocumented aliens. MEJIA stated that he was taking the aliens to 823 Duval Street. MEJIA stated that there were five undocumented aliens in the residence.

CPRS 24G

**Continuation Re:**
Santos MEJIA-Nieto

Agents conducted a follow-up investigation on the information provided by MEJIA on the intended destination of the aliens. Agents traveled to 823 Duval Street and discovered that 823 and 821 Duval Street is a duplex, with the entrances to both units contained within the same porch area, approximately two feet from one another. Agents knocked on the door labeled 823 Duval Street; however, no response was received. While waiting for the occupants of 823 Duval Street to respond, the occupants of 821 Duval Street opened the door. Agents requested and were granted permission to enter the residence from the occupants. Agents further requested permission to search the premises and were granted such approval. Within the residence, Agents discovered three Hispanic males in the living room, an adult female and her three minor children. Agents advised the occupants of their identity and questioned each of the adult occupants as to their citizenship and nationality. The three adult males stated that they were citizens and nationals of Mexico and further that did not have any documents to be in or remain in the United States legally. The adult female stated that she was a citizen of Mexico and provided a valid Border Crosser Card as proof of her immigration status. The three undocumented aliens were arrested for violation of federal immigration laws. The adult female was left at the residence with her three minor children.

**STATEMENT OF DEFENDANT**
On March 1, 2008, at approximately 12:00 pm, MEJIA was advised of his Miranda rights. MEJIA stated that he understood his rights and was willing to answer questions without a lawyer present. MEJIA stated that he did not possess any immigration documents to enter or remain in the United States legally. MEJIA admitted that he had previously been deported for smuggling aliens; however, MEJIA denied smuggling any aliens, which resulted in his arrest on March 1, 2008. MEJIA stated that the driver ran from the vehicle ran when Agents pulled up to the vehicle. MEJIA stated that he was in the driver's seat only to move the vehicle because it was blocking the alley from traffic flow. The interview was concluded at 12:40 PM.

Agents Note: At the time of arrest, Agents did not observe any persons fleeing from the vehicle, nor was there any traffic in the alley, other than agent's vehicles.

**MATERIAL WITNESS STATEMENT - Nelson MARTINEZ-Lopez**
On March 1, 2008, at 11:15 AM, MARTINEZ was interviewed by agents. MARTINEZ admitted to being a citizen and national of Mexico by birth in Tijuana, Baja California, Mexico. MARTINEZ admitted he did not possess any immigration documents to enter or remain in the United States legally. MARTINEZ stated that he arranged to pay $1600.00 (US) at a later date to be smuggled into the United States. MARTINEZ stated that he was guided to the location where he was picked up by MEJIA-Nieto. MARTINEZ described the driver as wearing a black shirt with a white long sleeve shirt underneath and a cap. When MARTINEZ was shown individual photographs of all the persons found in the vehicle at the time of arrest, he identified MEJIA as being the driver of the vehicle. The interview was concluded at 11:41 AM.

**MATERIAL WITNESS STATEMENT - Gustavo MATEO-Abarca**
On March 1, 2008, at 1:00 PM, MATEO was interviewed by agents. MATEO admitted to being a citizen and national of Mexico by birth in Guerrero, Mexico. MATEO admitted he did not possess any immigration documents to enter or remain in the United States legally. MATEO stated that he illegally crossed under the U.S. / Mexico International border fence near Tecate, California on February 26, 2008. During the interview with MATEO, he stated that he was in the front passenger seat of the vehicle and could clearly see the driver. When MATEO was shown individual photographs of all the persons found in the vehicle at the time of arrest, he identified MEJIA as being the driver of the vehicle. The interview ended at 13:30 PM.

CPRS 24G

**Continuation Re:**
Santos MEJIA-Nieto

**MATERIAL WITNESS STATEMENT - Jose Manual HERNANDEZ-Ibarra**
On March 1, 2008, at 1:50 PM, HERNANDEZ was interviewed by agents. HERNANDEZ stated that he was born in Nayarit, Mexico and he did not possess any immigration documents to enter or remain in the United States legally. HERNANDEZ stated that he made arrangements with an unknown person to pay $1,500 (USD) to be smuggled into the United States. HERNANDEZ stated they were led across the border by a foot guide to a location where a vehicle was waiting for them. The foot guide then instructed the undocumented aliens where to sit in the vehicle. The driver of the vehicle then instructed HERNANDEZ and the other undocumented aliens to get low in the vehicle so they could not be seen. When HERNANDEZ was shown individual photographs of all the persons found in the vehicle at the time of arrest, he identified MEJIA as being the driver of the vehicle. The interview ended at 2:15 PM.

Based on the above statement, I believe that MEJIA was knowingly transporting undocumented aliens in violation of Title 8, United States Code, 1324(a)(1)(A)(i).

Executed on **March 2, 2008**, at ___6:00 pm___

_____
Special Agent

On the basis of the facts presented in the probable cause statement consisting of **3** pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **March 1, 2008,** in violation of Title **8**, United States Code, Section(s) **1324 (a)(1)(A)(i).**

_____          _____
United States Magistrate Judge                                    Date/Time

Continuation Re
Santos MEJIA-Nieto

On the basis of the facts presented in the probable cause statement consisting of 3 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **March 1, 2008**, in violation of Title 8, United States Code, Section(s) **1324 (a)(1)(A)(i)**.

_____
United States Magistrate Judge

3/2/08 @ 6:45 pm
Date/Time